Court may cause further delay and unnecessary complications in bringing this protracted litigation to a final resolution. For example, should the PCRA court confirm that Appellant did not lodge a timely direct appeal, or if Appellant expresses a desire to waive any remaining direct-appeal rights, the status quo is that the PCRA court's order denying post-conviction relief remains in full force and effect, while there is no extant decision from the intermediate appellate court. In such circumstances, it is unclear what mechanism Appellant should employ to attempt to reinstate an order of the Superior Court which was unfavorable to him and regain the discretionary review of this Court denied to him with the present relinquishment of jurisdiction.

Chief Justice CASTILLE and Justice TODD join this dissenting statement.

**COMMONWEALTH of Pennsylvania,**
**Petitioner**

**v.**

**Justin Lamar CULVER, Respondent.**

Supreme Court of Pennsylvania.

Dec. 19, 2013.

### ORDER

PER CURIAM.

**AND NOW,** this 19th day of December 2013, the Petition for Allowance of Appeal is **GRANTED,** the decision of the Superior Court is **VACATED,** and the matter is **REMANDED** to the Court of Common Pleas of Pike County to conduct a new forfeiture hearing in accordance with *Commonwealth v. Hann,* —— Pa. ——, 81 A.3d 57, 2013 WL 5827034 (2013).

The Application to File Supplement to Petition for Allowance of Appeal is **DENIED.**

**COMMONWEALTH of Pennsylvania,**
**Petitioner**

**v.**

**Justin Lamar CULVER, Respondent.**

Supreme Court of Pennsylvania.

Dec. 19, 2013.

### ORDER

PER CURIAM.

**AND NOW,** this 19th day of December 2013, the Petition for Allowance of Appeal

is **GRANTED,** the decision of the Superior Court is **VACATED,** and the matter is **REMANDED** to the Court of Common Pleas of Pike County to conduct a new forfeiture hearing in accordance with *Commonwealth v. Hann,* — Pa. —, 81 A.3d 57, 2013 WL 5827034 (2013).

The Application to File Supplement to Petition for Allowance of Appeal is **DENIED.**

Celeste **SELLERS** and Richard K. Sellers, Individually and as Administrators of the Estate of Joshua David Sellers, Deceased, Petitioners

v.

**TOWNSHIP OF ABINGTON** and Officer Edward Howley, Individually and as an Employee of Township of Abington and Lt. Karl Knott, Individually and as an Employee of Township of Abington, Respondents.

Supreme Court of Pennsylvania.

Dec. 20, 2013.

### *ORDER*

PER CURIAM.

**AND NOW,** this 20th day of December, 2013, the Petition for Allowance of Appeal is **GRANTED, LIMITED TO** the issues set forth below. Allocatur is **DENIED** as to the remaining issue. The issues, as stated by Petitioner, are:

a. Whether the Pennsylvania Commonwealth Court should have properly reversed the trial court's erroneous granting of summary judgment on the basis that police officers do not owe a duty of care to innocent bystanders in a fleeing vehicle which is in direct conflict with this Court's decision in *Jones v. Chieffo,* 549 Pa. 46, 700 A.2d 417 (1997) and the Commonwealth Court's decision in *Aiken v. Borough of Blawnox,* 747 A.2d 1282 (Pa.Cmwlth.2000)?

b. Whether the Pennsylvania Commonwealth Court should have properly reversed the trial court's erroneous resolution of questions of fact whether the passenger in the fleeing vehicle was an innocent bystander to whom a duty of care was owed?

c. Whether the Pennsylvania Commonwealth Court should have properly reversed the trial court's erroneous granting of summary judgment on the basis that police officers do not owe a duty of care to innocent bystanders in a fleeing vehicle which is in direct conflict with *Black v. Shrewsbury Borough,* 675 A.2d 381 (Pa.Cmwlth.1996)?

d. Whether the Pennsylvania Commonwealth Court should have properly reversed the trial court's erroneous extension to innocent bystander passengers of the limited immunity of 42 Pa.C.S.A. § 8542(b)(1) which only applies to fleeing suspects and which is a matter of first impression unauthorized by existing law?

e. Whether the Pennsylvania Commonwealth Court should have properly reversed the trial court's erroneous blanket application of 42 Pa.C.S.A. § 8542 without first requiring a jury determination whether plaintiff's de-